**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-22-00287-CR**

_____

**BRENIKA LOTT, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 260th District Court**
**Orange County, Texas**
**Trial Cause No. D200424-R**

**MEMORANDUM OPINION**

A jury convicted Brenika Lott ("Lott") of capital murder, and the trial court sentenced her to life in prison without the possibility of parole. *See* Tex. Penal Code Ann. § 19.03(a)(8). In one issue, Lott complains that the trial court reversibly erred and violated her constitutional right to a grand jury indictment by allowing a substantive amendment to the indictment. For the reasons below, we will affirm the trial court's judgment.

1

**Factual Background**

In June 2020, Lott brought her five-year-old goddaughter, "Daisy," from Louisiana to Orange, Texas for a visit.[1] Daisy stayed with Lott and "David," Lott's eleven-year-old son, for over a week, but Lott began complaining to Daisy's mother that she was misbehaving. Daisy's mother told Lott to bring Daisy back home, but Lott did not.

On Friday, June 26, 2020, police officers and firefighters responded to Lott's home in Orange after receiving a report that a child was not breathing. Upon arrival they found Daisy laying naked on the floor. Responders described her as "cold" to the touch with bruises all over her body. Daisy's eyes were swollen shut, and it looked like she was badly beaten.

Lott told officers that she and David were the only people who had been in the home with Daisy. Police interviewed Lott, who denied that Daisy was injured and instead insisted she suffered an allergic reaction to "dust mites." Specialized forensic interviewers initially questioned David, Lott's son, but after one of the detectives developed a rapport with him, David later told the detective he witnessed

---

[1] To protect the victim's privacy and the privacy of Lott's minor son, we identify them by using pseudonyms. *See* Tex. Const. art. I, § 30 (granting crime victims "the right to be treated with fairness and with respect for the victim's dignity and privacy throughout the criminal justice process").

Lott beat Daisy on the head and body with her fists and multiple objects. David voluntarily walked detectives through his home and pointed out objects he observed Lott beat Daisy with. Witnesses at trial included David and the forensic pathologist, among others. The forensic pathologist testified that Daisy's cause of death was "craniocerebral trauma to include skull fractures, subdural hemorrhage, and brainstem contusions due to blunt force trauma of head and neck." She testified the injuries could have been made by being hit with a hand, wooden stick, metal pipe, metal tube, or belt buckle.

**Indictment**

On October 14, 2020, an Orange County Grand Jury indicted Lott for capital murder, and the indictment alleged that:

> BRENIKA LOTT hereinafter styled Defendant, on or about June 26, 2020, and before presentment of this indictment, in the County and State aforesaid, did then and there intentionally or knowingly cause the death of an individual, namely, [Daisy] an individual younger than 10 years of age, by hitting the said [Daisy] in the head with her hand[.]

In May 2021, the State filed its (1) Notice of Intent to Amend and Interlineate Indictment, and (2) Motion for Leave of Court to Amend and Interlineate Indictment. The proposed amended language provided:

> BRENIKA LOTT hereinafter styled Defendant, on or about June 26, 2020, and before presentment of this indictment, in the County and State aforesaid, did then and there intentionally or knowingly cause the death of an individual, namely, [Daisy], an individual younger than 10 years of age, by hitting the said [Daisy] in the head and body with a

3

blunt object, to wit: her hand or a wooden stick or a metal pipe or a metal tube or a belt buckle[.]

The same day, the trial court signed an Order granting leave to amend, and the Indictment was amended consistent with the trial court's Order.

Lott never objected to the Amended Indictment, and before trial, the parties specifically addressed the Amended Indictment. During this discussion of the Amended Indictment, defense counsel noted, "I wanted to be clear on the record that I'm making a strategic decision not to object to the changes."

The jury convicted Lott of capital murder, and the trial court sentenced her to life in prison without the possibility of parole. Lott timely appealed. In one issue, she complains that the trial court reversibly erred and violated her constitutional right to a grand jury indictment by allowing a substantive amendment to the indictment.

## ANALYSIS

The Texas Constitution gives a defendant the right to have a grand jury determine whether there is probable cause to believe that he committed a particular offense. Tex. Const. art. I, § 10; Tex. Code Crim. Proc. Ann. art. 1.05. "An indictment is a written instrument presented to a court by a grand jury charging a person with the commission of an offense." Tex. Const. art. V, § 12(b). Practice and procedures relating to an indictment's use and its contents, amendment, sufficiency, and requisites, "are as provided by law." *Id.*

4

That said, if a defendant fails to object to any defect in the indictment's form or substance before trial begins, she waives any such defect. *See* Tex. Code Crim. Proc. Ann. art. 1.14(b). As the Court of Criminal Appeals has explained, "The right to be charged by an instrument that is free of defects, errors, and omissions is neither a 'systemic' requirement nor a 'waivable' right." *Sanchez v. State*, 120 S.W.3d 359, 367 (Tex. Crim. App. 2003). Thus, a defendant must object to any errors in the charging instrument in a timely and specific manner, and any unobjected-to errors in the instrument are not "fundamental." *Id.*; *see also* Tex. R. App. P. 33.1(a) (requiring a timely, specific complaint in the trial court to preserve error).

Here, not only did Lott fail to raise the objection to the indictment she now raises on appeal, but she affirmatively represented to the trial court she made a "strategic decision" not to object to the Amended Indictment. We hold that Lott has waived this complaint. *See* Tex. Code Crim. Proc. Ann. art. 1.14(b); Tex. R. App. P. 33.1(a); *see also Sanchez*, 120 S.W.3d at 366–67. We overrule issue one.

## CONCLUSION

Having overruled Lott's sole issue, we affirm the trial court's judgment.

AFFIRMED.

W. SCOTT GOLEMON
Chief Justice

Submitted on December 22, 2023
Opinion Delivered June 19, 2024
Do Not Publish
Before Golemon, C.J., Johnson and Wright, JJ.